```
                   UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                         JACKSON DIVISION
```

BRENDA HUFF                                              PLAINTIFF

VS.                              CIVIL ACTION NO. 3:08CV584TSL-JCS

UNITED STATES OF AMERICA                                 DEFENDANT

### ORDER

By her amended complaint in this cause, plaintiff Brenda Huff, widow of Vernon Smith, seeks to recover damages under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, for loss of consortium relating to an injury alleged to have been sustained by Vernon Smith while a patient at the Jackson VA Medical Center. The United States of America has moved to dismiss for lack of subject matter jurisdiction because Mrs. Huff failed to exhaust her administrative remedies.  Plaintiff has not responded to the Government's motion, which, in the court's opinion, is well taken.

The record reflects that Mrs. Huff did timely file administrative claims, initially for her husband's injury, and later for his alleged wrongful death as a consequence of the injury, which claims were denied.  However, both claims were filed solely on behalf of Mr. Smith, and did not raise this plaintiff's claim for loss of consortium.  Her claim herein must therefore be dismissed.  See Wilke v. United States, No. 1:07cv465 LG-JMR, 2009 WL 590450 (S.D. Miss. Mar. 5, 2009) (concluding that "a spouse's

loss of consortium claim must be separately exhausted in order to give the district court subject-matter jurisdiction," and dismissing wife's claim for loss of consortium since, while an administrative claim was filed for an alleged tortious injury sustained by her husband, the administrative claim did not assert loss of consortium claim or otherwise indicate it was filed on behalf of the wife); see also Poynter v. United States, 55 F. Supp. 2d 558, 564 (W.D. La. 1999) (dismissing for lack of jurisdiction for failure to exhaust and stating, "Mr. Poyner cannot presume that his independent [loss of consortium] claim is automatically raised or implied in the administrative claim of his wife, and there is no indication from the face of the administrative claim form that Mr. Poyner was asserting a claim in his own right.").

Accordingly, it is ordered that the Government's motion to dismiss is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 8th day of June, 2009.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE